United States District Court
Southern District of Texas
**ENTERED**
June 27, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| DARLENE HOUSTON, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:21-cv-00367 |
| § | |
| UNITED FINANCIAL CASUALTY § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before me is a Motion to Abate Plaintiff's Extra-Contractual Claims ("Motion to Abate") filed by Defendant United Financial Casualty Company ("UFCC"). Dkt. 26. Plaintiff Darlene Houston ("Houston") did not respond.[1] For the following reasons, UFCC's Motion to Abate is **GRANTED**, and I will also *sua sponte* abate Houston's breach of contract claim.

## BACKGROUND

In October 2019, Houston suffered physical injuries after being involved in an automobile accident with another motorist. Houston subsequently filed an uninsured/underinsured motorist ("UM/UIM") claim with UFCC. Houston alleges that UFCC has failed to pay the UM/UIM benefits owed under her policy. Houston sued UFCC for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code, and breach of the duty of good faith and fair dealing. Houston also seeks a declaratory judgment that the negligence of the uninsured/underinsured driver was the proximate cause of her injuries and damages.

---

[1] Although the certificate of conference states that Houston is opposed to UFCC's Motion to Abate, *see* Dkt. 26 at 7, Houston's "[f]ailure to respond [is] taken as a representation of no opposition." S.D. TEX. L.R. 7.4.

In its Motion to Abate, UFCC asks me to sever and abate the statutory claims brought under the DTPA and Texas Insurance Code, as well as the breach of good faith and fair dealing claims (collectively, the "extracontractual claims") until the declaratory judgment and breach of contract actions are resolved. *See* Dkt. 26.

## DISCUSSION

Texas law requires automobile insurers to provide UM/UIM coverage in their policies "[t]o protect responsible motorists from financial loss when they are involved in car accidents with uninsured or underinsured motorists." *Allstate Fire & Casualty Ins. Co. v. Rodriguez*, No. 13-18-00616, 2021 WL 3777165, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2021, no pet.); *see* TEX. INS. CODE ANN. § 1952.101(b). This coverage "protects insureds who are *legally entitled* to recover from owners or operators of uninsured or underinsured motor vehicles." TEX. INS. CODE § 1952.101(a) (emphasis added). "To be legally entitled to recover benefits under a [UM/]UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of the damages." *Butts v. State Auto. Mut. Ins. Co.*, No. 1:22-CV-1238, 2023 WL 3765602, at *3 (W.D. Tex. May 17, 2023).

It follows that a UM/UIM insurer "is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). Without that judgment, "the insurer's contractual obligation to pay benefits simply does not arise," *Banda v. Allstate Prop. & Cas. Ins. Co.*, No. 4:19-CV-3418, 2020 WL 3972537, at *2 (S.D. Tex. July 14, 2020), and "[n]either requesting [UM/]UIM benefits nor filing suit against the insurer" changes that result. *Brainard*, 216 S.W.3d at 818. Moreover, "neither a settlement nor an admission of liability from the tortfeasor establishes [UM/]UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.* The Texas Supreme Court recently held that an insurer's obligation to pay may be triggered

2

by a declaratory judgment that the other motorist was at fault and underinsured. *See Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 267 (Tex. 2021) ("[A] declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's UIM claim against his insurer.").

Because Houston has not yet obtained a judgment establishing the liability and uninsured/underinsured status of the other motorist involved in the accident, I join other federal and state courts across Texas in finding that severance and abatement of her extracontractual claims is required. *See, e.g.*, *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 876 (Tex. 2021); *Sotello v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-cv-1303, 2021 WL 8055630, at *2–3 (W.D. Tex. May 27, 2021); *Duff v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-cv-00386, 2021 WL 6618465, at *2 (E.D. Tex. June 10, 2021); *In re Progressive Cnty. Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, no pet.). At least two reasons justify bifurcation in the UM/UIM context. First, bifurcation often preserves judicial resources because extracontractual claims "may be rendered moot by a determination of underlying non-liability." *In re State Farm*, 629 S.W.3d at 876. Second, bifurcation protects against prejudice where "evidence of the insurer's settlement offer may be admissible in one phase of the trial but inadmissible in the other." *Id.*

I must go one step further, however, and abate Houston's breach of contract claim, too. Notably, a UM/UIM insurer "breaches the contract by withholding benefits after the insured has obtained a judgment establishing the liability and underinsured status of the other motorist." *Brainard*, 216 S.W.3d at 815. Given that the underlying issue of liability has not been established, Houston's breach of contract claim is premature. *See Rodriguez*, 2021 WL 3777165, at *3 ("[A]n insured seeking to establish their entitlement to UM/UIM benefits does not have a mature breach-of-contract claim."). In other words, just as statutory claims "may be rendered moot by a determination of underlying non-liability," *In re State Farm*, 629 S.W.3d at 876, a breach of contract claim may be moot upon a finding of non-

3

liability or upon payment of UM/UIM benefits to the insured. In the exercise of my discretion, I will *sua sponte* abate Houston's breach of contract claim.

This leaves one remaining claim—Houston's declaratory judgment claim. Houston's request for declaratory relief is the only cause of action that should proceed at this time.

## CONCLUSION

For the reasons set forth above, UFCC's Motion to Abate (Dkt. 26) is **GRANTED**. The prosecution of and discovery related to Houston's breach of contract and extracontractual claims are **BIFURCATED** and **ABATED** until the declaratory judgment action is resolved.

SIGNED this 27th day of June 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE